CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 21 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| RICKEY A. MERICA, | ) | Civil Action No. 7:07cv00350 |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Petitioner Rickey A. Merica filed this pro se 28 U.S.C. § 2255 motion challenging the validity of his sentence for conspiring to distribute and possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and two related firearms charges, in violation of Title 18 U.S.C. §§ 924(c), 924(c)(1)(A)(ii), 924(c)(1)(B)(i), and 924(c)(1)(C)(i). See Criminal Case No. 5:04-cr-00015 (W.D. Va. November 1, 2005). Merica requests that his sentence be vacated, maintaining that his counsel provided ineffective assistance. Respondent has filed a motion to dismiss, Merica has filed a timely response, and the matter is ripe for the court's consideration. For the reasons stated herein, the court will grant respondent's motion to dismiss.

## I. Factual and Procedural Background

On May 25, 2005, Merica and three other defendants, Larry Land, Cynthia Land, and Angelia Deavers[1], were charged in a three-count superseding indictment returned by a federal grand jury in the Western District of Virginia. Count One charged Merica with conspiring to distribute and possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Counts Two and Three charged Merica with knowingly and intentionally possessing firearms in furtherance of a drug trafficking offense. A jury trial was held on July 21-22, 2005, and all three of Merica's co-defendants testified as to his involvement

---

[1] The court notes that the record reflects that Angelia Deavers was Merica's girlfriend

in the ongoing conspiracy and use of the firearms. Merica was ultimately found guilty on all Counts. On November 1, 2005, Merica received a sentence of imprisonment for 235 months as to Count One, 84 months as to Count Two, and 300 months as to Count Three, with the terms of imprisonment to run consecutively. The judgment of the court was affirmed by the United States Court of Appeals for the Fourth Circuit by unpublished per curiam opinion entered August 25, 2006.

On July 17, 2007, Merica filed a timely motion for relief under 28 U.S.C. § 2255, alleging that his attorney provided ineffective assistance of counsel by (1) failing to move for dismissal of the original indictment because of an alleged violation of the Speedy Trial Act; (2) failing to move for dismissal of the indictment because, according to Merica, there were fewer than twelve grand jurors present at the return; (3) failing to move for dismissal of the superseding indictment on the grounds that it was "vindictively brought"; (4) failing to object to the United States' alleged withholding of exculpatory evidence or, in the alternative, failing to examine all of the evidence; (5) failing to object to the indictment's inclusion of "duplicative" Section 924(c) violations; and (6) failing to object to, and raise on appeal, the court's findings of fact during sentencing, which resulted in a four-level enhancement. Respondent filed a motion to dismiss on September 20, 2007. On September 25, 2007, Merica was sent a notice directing him to file any response to respondent's motion within twenty days. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). On October 17, 2007, Merica filed a response in opposition to the motion to dismiss. Respondent's motion to dismiss is now ripe for review.

The court will include additional facts as necessary in its discussion.

## II. Analysis

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979).

Merica bears the burden of establishing that counsel's failure rose to the level of a Sixth Amendment violation under Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, a petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, a petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. If it is clear that a petitioner has not satisfied one prong of the Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697. Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

-3-

## A. Speedy Trial Act

Merica alleges that counsel provided ineffective assistance by failing to move for the dismissal of the original indictment for violations of the Speedy Trial Act, 18 U.S.C. § 3161, et seq. Merica complains that he was arraigned on November 18, 2004, but that his trial did not commence until July 21, 2005, well-after the time required under the Speedy Trial Act had expired. Merica contends that, had counsel raised this issue prior to his jury trial, it is a reasonable probability that the indictment would have been dismissed, pursuant to 18 U.S.C. § 3162(a), for lack of jurisdiction.

Pursuant to the Speedy Trial Act, a defendant must be brought to trial within seventy days from the filing date of the information or indictment, or from the date of the defendant's first appearance before a judicial officer, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). The time periods specified by the Speedy Trial Act do not run continuously. The Act provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h). The excludable time includes delays attributable to continuances granted to either a defendant or the government when the court finds that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Additionally, when a case involves multiple defendants, "time excludable for one defendant is excludable for all defendants." United States v. Jarrell, 147 F.3d 315, 316 (4th Cir. 1998); see also 18 U.S.C. § 3161(h)(7) (a reasonable period of delay when a defendant is joined for trial with a co-defendant, as to whom the time for trial has not run, is excluded when no motion for severance has been granted).

The original indictment naming Merica as a defendant was filed on October 20, 2004, and Merica was arraigned on November 18, 2004; thus the seventy days required under the Speedy Trial Act began to run on November 18, 2004, the latest of the two dates, and expired on January 19,

-4-

2005. By order entered January 3, 2005, the jury trial was continued from January 14, 2005, to March 2, 2005, upon the request of co-defendant Angelia Deavers' counsel.[2] By order entered February 10, 2005, the trial was continued from March 2, 2005, to April 5, 2005, by motion of the government due to insufficient trial preparation. By order entered April 4, 2005, the trial was again, by government motion, continued from April 5, 2005, to July 21, 2005, to allow additional time to supersede the charges in the case. In each order the court specifically determined that the ends of justice served by the granting of such continuance outweighed the best interest of the public and the defendant in a speedy trial, pursuant to Title 18 U.S.C. § 3161(h)(8)(A) of the Speedy Trial Act. Accordingly, the delays caused by the continuances, even the first continuance requested by Merica's co-defendant, were excluded from the Speedy Trial Act computation and, thus, Merica's time under the Speedy Trial Act had not expired at the time of his trial. Counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis." See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987).

In any event, it is also clear that the failure of Merica's counsel to raise the speedy trial issue did not result in prejudice to Merica. If his counsel had moved the court to dismiss the case against Merica, and persuaded the court that Merica's rights had been violated, the court would have had to decide whether to dismiss the case with or without prejudice after considering the factors set

---

[2] To the extent that Merica complains that he did not give counsel permission to acquiesce to a continuance, the court finds that this allegation does not rise to the level of constitutional violation. The decision to agree or object to a continuance is a tactical decision, weighing the advantages of proceeding to trial with the evidence at hand for either side against the advantages of agreeing to a proposed continuance. See Mason v. Scully, 16 F.3d 38, 42 (2d Cir. 1994); Strickland, 466 U.S. at 689 (finding that actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance); see also New York v. Hill, 528 U.S. 110 (2000) (finding that defense counsel could effectively waive defendant's right to be brought to trial within the 180-day period specified under Interstate Agreement on Detainers (IAD), by agreeing to a trial date outside that time period, even without express consent by defendant; scheduling matters were among those for which agreement by counsel generally would control). Thus, Merica cannot illustrate deficient performance, and hence fails to demonstrate ineffective assistance of counsel.

forth in 18 U.S.C. § 3162(a)(1). Section 3162(a)(1) sets forth several factors to be considered in determining whether to grant dismissal with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id.; see also United States v. Williams, 314 F.3d 552, 556-57 (11th Cir. 2002) (noting that where the crime is serious, dismissal should be with prejudice only for a correspondingly severe delay). It is clear from the record that any dismissal would have been without prejudice. The charges against Merica were very serious. In fact, Merica was ultimately sentenced to 619 months imprisonment. Moreover, the impact of a reprosecution on the administration of the Speedy Trial Act, in particular, and the administration of justice, in general, would have been slight. See Milligan v. United States, No. 06-54T26EAJ, 2006 WL 373012, *1-2 (M.D. Fla. Feb. 16, 2006) (concluding that a § 2255 petitioner failed to establish prejudice where he failed to show "a reasonable probability that the outcome of the proceedings would have been different had his counsel moved to dismiss the indictment"); United States v. Jackson, 22 F. App'x 396, 398 (6th Cir. 2001) (rejecting a defendant's ineffective assistance of counsel claim where, although the failure to seek a dismissal deprived the defendant of his right to request a dismissal with prejudice, the defendant failed to show "a reasonable probability that the district court would have dismissed the indictment with prejudice"); United States v. Theurer, No. 93-3310, 1994 WL 420072, *7 (7th Cir. Aug. 11, 1994) (rejecting a claim that counsel's performance was ineffective where the defendant had not demonstrated that "her attorney's failure to file the motion to dismiss on Speedy Trial grounds had any adverse impact on the fairness of her trial"); United States v. Cook, 48 F. Supp. 2d 776, 777 (N.D. Ill. 1999) (denying an ineffective assistance of counsel claim because even if a Speedy Trial Act violation occurred, the § 2255 petitioner could not show the result of his proceedings would

have been different).  Therefore, there is not a reasonable probability that, but for counsel's allegedly deficient performance, the ultimate result would have been different.  See Strickland, 466 U.S. at 694.  Accordingly, as Merica fails to establish ineffective assistance and prejudice resulting from defense counsel's failure to file a motion to dismiss the indictment, this claim must be dismissed.

**B. Grand Jurors**

Merica next claims that counsel was ineffective for failing to file a motion to dismiss the superseding indictment as the indictment was invalid because it was not "found by the requisite [twelve] or more jurors" as required by Federal Rule of Criminal Procedure 6(f) and the Fifth Amendment. (Pet. at 4.) Merica alleges that the superseding indictment was a "vindictiv[e]" joint collaboration between the grand jury foreman and the prosecutor in "an attempt to camouflage the speedy trial violation of the original filed indictment." (Pet. at 4, 6.)  Merica contends that this conspiracy resulted from Merica's refusal to plead guilty and was an attempt to "punish him." (Pet. at 6.)  Merica contends that, had counsel moved to have the voting records of the grand jury produced, he could have illustrated that the superseding indictment was invalid.

Rule 6(f) of the Federal Rules of Criminal Procedure provides that an indictment may be found only upon the concurrence of 12 or more jurors. However, disclosure of grand jury testimony and voting records is only required when defendants show a "particularized need" for the information. United States v. Sells Engineering, 463 U.S. 418, 443 (1983); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959).  Here, the only suggestion that there is a need for such information is in Merica's bald allegation that less than twelve grand jurors were in attendance when the superseding indictment was returned.  Merica proffers no evidence or basis to believe that any grand jury irregularity or impropriety existed at the time his superseding indictment was

-7-

returned. This clearly does not meet the burden of demonstrating a particularized need for grand jury information. See United States v. Loc Tien Nguyen, 314 F. Supp. 2d 612 (E.D. Va. 2004) (noting that the "particularized need" burden cannot be satisfied with "conclusory or speculative allegations of misconduct." (quoting United States v. Morgan, 845 F. Supp. 934, 941 (D. Conn.1994))). Further, Merica's allegations provide no basis to disregard the presumption of regularity of grand jury proceedings. See United States v. Moss, 756 F.2d 329, 332 (4th Cir. 1985); United States v. Leung, 40 F.3d 577, 581 (2d Cir. 1994). Once again, the court notes that counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis." See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987). Accordingly, Merica fails to establish ineffective assistance and prejudice resulting from defense counsel's failure to file a motion to dismiss the indictment based on grand jury impropriety; thus his claim must be dismissed.

## C. Vindictive Superseding Indictment

Merica also contends that counsel was ineffective for failing to move for a dismissal of the indictment on the basis that the superseding indictment was vindictive and brought "solely to punish [Merica] for exercising [his] constitutional and statutory right" to go to trial. (Pet. at 7.) The government contends that the superseding indictment was sought and returned based on additional information provided by Merica's co-defendants subsequent to their acceptance of plea bargains.

A narrowly-circumscribed but important exception to prosecutorial discretion is the rule that the decision to prosecute a defendant may not be exercised vindictively, that is, that the decision to prosecute may not be made in retaliation or in vengeance for that defendant's exercise of his rights under the law. See, e.g., United States v. Goodwin, 457 U.S. 368, 372 (1982). The United States Court of Appeals for the Fourth Circuit established in United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001), that to prove actual prosecutorial vindictiveness, the defendant "must show,

-8-

through objective evidence, that (1) prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." Because it is frequently difficult to prove a retaliatory motive directly, the law permits a defendant to establish prosecutorial vindictiveness by circumstantial as well as by direct evidence. When a defendant can demonstrate that the circumstances of his prosecution "pose a realistic likelihood of 'vindictiveness,'" a presumption of vindictiveness arises, and the burden shifts to the government to justify its conduct. Wilson, 262 F.3d at 314 (quoting Blackledge v. Perry, 417 U.S. 21, 27 (1974)).

However, there is no basis for either a presumption or a conclusion of prosecutorial vindictiveness, where, as here, the government merely sought to hold Merica accountable for the full range of his criminal conduct. See U.S. v. Biheiri, 341 F. Supp. 2d 593, 599 (E.D. Va. 2004); see also U.S. v. Hill, 93 Fed. App'x 540 (4th Cir. 2004) (holding that defendant was not entitled to have his six drug convictions set aside based on his claim that the government engaged in vindictive prosecution by filing a superseding indictment; defendant presented no objective evidence that prosecutor acted with genuine animus, and that "but for" such animus, defendant would not have been prosecuted); United States v. Corbitt, 675 F.2d 626 (4th Cir. 1982) (finding no vindictive prosecution in part because the additional count in the superseding indictment "was unquestionably based on probable cause"); U.S. v. Santana, 509 F. Supp. 2d 563, 567 (E.D. Va. 2007) (finding no prosecutorial vindictiveness when the superseding indictment was the direct product of the new information that the government received from co-defendants who cooperated with the government). Furthermore, the Supreme Court has held that a presumption of prosecutorial vindictiveness does not arise when the government carries out a threat, made during plea negotiations, to file additional charges against an accused who declines to plead guilty. Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978). Therefore, Merica has failed to establish a

presumption of prosecutorial vindictiveness, and his counsel was not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis." See Clanton, 826 F.2d at 1359. This claim must also be dismissed.

## D. Exculpatory Evidence

Merica further alleges that counsel was ineffective for failing to object to the United States' alleged withholding of exculpatory evidence or, in the alternative, for failing to obtain and examine all of the evidence. Merica contends that his counsel "allowed the government to commit at least two violations" in this respect. (Pet. at 11.) Essentially, Merica contends that investigation reports detailing the undercover surveillance of co-defendants Larry and Cynthia Land and the audio tape recordings of monitored phone calls between the Lands and the confidential informant during the investigation "impeach significant portions" of his co-defendants' damaging testimony at trial. Merica alleges that counsel's failure to obtain the reports and the recordings prohibited him from raising the "multiple inconsistencies throughout the government witnesses' trial testimony." (Pet. at 27.) He contends that this evidence had a "direct bearing upon the critical issue of whether Merica was actually involved in the drug deals" and that, but for counsel's alleged errors, there is a reasonable probability that the outcome of his trial would have been different. (Pet. at 28.)

Specifically, Merica states that an investigation report indicates that during the first undercover transaction on February 20, 2004, a surveillance team observed Larry Land enter a residence located at 1021 Junior Avenue, Shenandoah, Virginia. The report notes indicate that Andrew Rodriguez, an alleged narcotics dealer, resided at that residence. Merica contends that his home address at that time was 1010 Junior Avenue, Shenandoah, Virginia. Merica then points to the trial testimony of Larry Land which indicated that he went to Merica's house to complete the

-10-

transaction and specified the 1010 Junior Avenue address. Cynthia Land also indicated at trial that the source in the first transaction in February was Merica, but did not specify an address. Merica alleges that Special Agent Settle testified at trial that he and other agents observed Land entering the 1021 Junior Avenue address to obtain the methamphetamine. Merica alleges that this testimony "mislead [sic] the jury into believing that the first two ounces of methamphetamine was actual[ly] obtained from Merica at Merica's residence." (Pet. at 24.)

Merica also points to the investigation reports and trial testimony concerning the March 22, 2004 undercover transaction as support for his claims. Merica contends that Larry Land's testimony at trial conflicted with information found in the investigation reports. First, Merica alleges that Larry Land testified that Merica and Angelia Deavers met the Lands at Deavers' mother's home on that date to distribute two ounces of methamphetamine. Merica contends that this testimony is at odds with the report which indicates that Larry Land informed the confidential informant that he would have to go get the methamphetamine. Merica further alleges that Larry Land testified that Merica gave him the two ounces on that date, but Angelia Deavers testified that she gave Land the two ounces. Merica finally contends that the investigation report indicates that Larry Land called Merica's residence on April 27, 2004, to find out the amount of methamphetamine that could be purchased for $20,000, but that Land left a message with Merica's wife because Merica was not home. Merica contends that he was not married.

The court finds that Merica has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. While the investigative report may have contained a numerical error regarding Merica's address, Merica's allegation that Special Agent Settle testified at trial that he and other agents observed Land entering the 1021 Junior Avenue address, rather than

-11-

the 1010 Junior Avenue address, to obtain the methamphetamine is incorrect. The transcript of Settle's testimony, submitted by Merica, does not indicate any address whatsoever. Settle merely indicates that he observed Land's vehicle go "to a house in the town of Shenandoah." (Pet., Ex. 13 at 3.) He then identified a photograph of the house at the request of the government and identified the occupant, Merica. Moreover, Larry Land's testimony clearly indicates that he completed the drug transaction with Merica at the 1010 Junior Avenue address and Cynthia Land's testimony clearly indicates that Merica provided the methamphetamine on that date. The uncorroborated testimony of even a single witness may be sufficient evidence of guilt, even if the witness is an accomplice, a co-defendant, or an informant. United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997). Also, the record reflects that Merica called Andrew Rodriguez as a witness to bolster Merica's contention that visitors were often coming and going at Merica's residence without his knowledge. Bringing a portion of the record into evidence which indicated Rodriguez's ties to narcotics would have severely damaged his credibility as a witness. Thus, counsel's decision not to introduce the error in the report appears to have been a professionally reasonable strategic decision, which this court will not second guess. See Jones v. Barnes, 463 U.S. 745, 751 (1983).

Furthermore, the court finds meritless Merica's claim that Larry Land's testimony concerning Merica's delivery of the methamphetamine on March 22, 2004, is inconsistent with the investigative report, which indicates that Land informed the confidential informant that he would have to go get the methamphetamine. These factual allegations are not mutually exclusive, as Larry Land was required to travel to Angelia Deavers' mother's house to meet Merica, and Merica presumably transported the methamphetamine to the residence. Moreover, Merica's claim that Larry Land testified that Merica gave him the two ounces on March 22, 2004, but that Deavers

-12-

testified that she gave Land the two ounces on that date is simply incorrect. The portion of Deavers' testimony, submitted by Merica, clearly indicates that she testified that Merica gave the methamphetamine to Land. (Pet., Ex. 17.) Finally, with respect to Merica's claim that Land reportedly left a message with Merica's wife, it is undisputed that Angelia Deavers was Merica's girlfriend and participated heavily in the drug transactions. Thus, it does not defy reason to conclude that Land could have spoken with Angelia on April 27, 2004, and the reporting officer misnamed her in the report as Merica's wife. Accordingly, the court finds that counsel's failure to address such minor inconsistencies does not illustrate ineffectiveness and did not prejudice Merica. Merica's claims are esoteric at best, and introduction of the report excerpts at trial would not have sufficiently impeached the witnesses and altered the outcome of Merica's case. The court therefore dismisses this claim.[3, 4]

## E. Title 18 U.S.C. § 924(c) Offenses

Merica next claims that counsel was ineffective for failing to challenge the court's imposition of multiple sentences based on the convictions of Counts Two and Three of the superseding indictment. Merica contends that he was erroneously convicted of these multiple violations of Title 18 U.S.C. § 924(c) "because [the] offenses related to the same March 22, 2004

---

[3] Merica offers absolutely no factual support for his contention that audio tape recordings of monitored phone calls between the Lands and the confidential informant during the investigation would have changed the outcome of his trial. The reports appear to summarize all of the conversations and, as the court has already determined, counsel's failure to submit the evidence in the investigation reports did not prejudice Merica.

[4] To the extent that Merica alleges that the government withheld exculpatory evidence, the court notes that this claim is procedurally defaulted. A § 2255 petitioner may not raise in his petition a claim which he could have raised but did not raise on direct appeal; such a claim is procedurally defaulted and unreviewable unless the petitioner demonstrates cause and prejudice capable of excusing his default. Bousley v. United States, 523 U.S. 614 (1998). Merica did not raise his claim regarding the government's alleged failure to provide exculpatory evidence on direct appeal, and he has not shown cause and prejudice capable of excusing his default. Accordingly, the court dismisses his claim.

Case 7:07-cv-00350-GEC-mfu   Document 7   Filed 12/21/07   Page 13 of 18   Pageid#: 214

criminal episode" and, thus, violated the Double Jeopardy Clause of the Fifth Amendment. (Pet. at 29.)

Merica's claim that Counts Two and Three relate to the same incident lacks merit, as the government presented evidence regarding Merica's possession of a firearm offered to Larry Land–for protection or as an intimidation tactic–and also Merica's possession of firearms on separate occasions in his home as observed by Cynthia Land. The transcript of Larry Land's testimony, provided by Merica, indicates that on March 22, 2004, prior to the second controlled purchase, Merica gave Land the methamphetamine and then offered him a .45 caliber pistol as a way to protect the drugs. Accordingly, it is beyond dispute that, on March 22, 2004, Merica's possession of the pistol was "in furtherance of" a drug trafficking offense. Furthermore, Cynthia Land's testimony, also provided by Merica, further supports Larry Land's testimony concerning the incident on March 22, 2004, but also establishes that she observed both "handguns" and "shotguns" on numerous occasions at Merica's residence, that Merica often carried a gun in the back of his pants for protection, and that she observed Merica brandish a gun during an unspecified drug transaction. (Pet., Ex. 16 at 66-67.) Several other witnesses also testified that Merica habitually carried a gun for protection. Larry Land's testimony further established that Merica kept his drug cache on his person or in his home. Accordingly, it is not unreasonable to conclude that the guns on Merica's person and in his home were for the protection of his drugs and were, thus, "in furtherance" of a drug trafficking crime. The instances are clearly separate offenses, and thus charging Merica with both of them did not violate double jeopardy. See United States v. Massie, No. 3:04CR00031, 2006 WL 1319626 (W.D. Va. 2006) (finding no double jeopardy where the two 18 U.S.C. § 924(c) counts referred to different occasions). Accordingly, as counsel was not

-14-

ineffective for failing to raise an objection or make a motion for which there is "no obvious basis," this claim must also be dismissed.  See Clanton, 826 F.2d at 1359.[5, 6]

## F.  Sentencing Due Process

Merica finally contends that counsel was ineffective for failing to object, at trial and on appeal, to the four-level enhancement he received at sentencing, pursuant to United States Sentencing Guidelines ("U.S.S.G") §§ 3B1.1(c)[7] and 3C1.1[8], and failing to "argue that a reasonable doubt standard rather than the preponderance of the evidence standard should apply" to the findings of the court during sentencing.  (Pet. at 33.)  He alleges that the court imposed a term of

---

[5] Merica also claims that counsel was ineffective in failing to move to dismiss Count Three after the court removed the language concerning a sawn-off shotgun because the Count then became "duplicative under a double jeopardy analysis." (Pet'r Resp. at 24.) Section four of Count Three of the superseding indictment states that "one such firearm possessed in this fashion was a sawn-off shotgun." (Resp't Mot. Dismiss, Attach. Three.) At the conclusion of trial, the court announced a Judgment of Acquittal, pursuant to Rule 29A, as to the sawn-off shotgun enhancement. Regardless of the judgment of acquittal concerning the sawn-off shotgun, Count Three specifies and Cynthia Land testified to several other firearms, not just a sawn-off shotgun, in the possession of Merica and, as this court has already noted, Counts Two and Three did not violate the Double Jeopardy Clause as they referred to separate occasions. Accordingly, counsel was not ineffective in failing to raise a futile argument and this claim must be dismissed. See Clanton, 826 F.2d at 1359.

[6] Merica further complains that counsel was ineffective in failing to request a jury instruction stating that Merica could be found guilty of both Counts of possessing a firearm only if the government presented evidence that Merica possessed the firearm on separate and distinct dates in each count of the indictment. This claim is without merit as the indictment itself clearly states that the possession of a firearm as alleged in Count Three is separate from and in addition to the conduct alleged in Count Two.  Furthermore, the court specifically pointed out this distinction to the jury and instructed them that "it's necessary in Count Three that you find that the possession of a firearm in furtherance of a drug trafficking offense was separate and distinct from the act or occasion charged in Count Two." (Jury Instructions Tr. at 19-20.) Finally, as the court has already determined, the government did present sufficient evidence to support the allegation that Merica possessed firearms in furtherance of drug trafficking crimes on separate and distinct occasions. Accordingly, as this court can conceive of no possible prejudice resulting from counsel's alleged deficiency in this respect, Merica's claim must be dismissed.

[7] Section 3B1.1 indicates that if the defendant was an organizer, leader, manager, or supervisor in any criminal activity the offense level should be increased by two levels.

[8] Section 3C1.1 indicates that if the defendant willfully obstructed or impeded, or attempted to instruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct, or a closely related offense, the offense level should be increased by two levels.

Case 7:07-cv-00350-GEC-mfu   Document 7   Filed 12/21/07   Page 15 of 18   Pageid#: 216

imprisonment of 235 months as to Count One, outside the recommended guidelines range, and that counsel's failure to object resulted in a term of imprisonment of an additional 47 months.

Merica's claims have no merit as long-standing authority permits a sentencing court to make factual findings concerning sentencing factors by a preponderance of the evidence. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Further, the court did not sentence Merica beyond the prescribed statutory maximum as warned against in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). See Blakely v. Washington, 542 U.S. 296, 303-04 (2004) (holding that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, not the maximum sentence a judge may impose after finding additional facts). As previously noted, a jury determined that Merica was guilty of all Counts charged in the superseding indictment. The minimum and maximum terms of imprisonment for Count One was 10 years to life, pursuant to 21 U.S.C. § 841(b)(1)(A). The mandatory term of imprisonment for Count Two was 7 years with the maximum term being life, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). The mandatory term of imprisonment for Count Three was 25 years with the maximum term being life, pursuant to 18 U.S.C. § 924(c)(1)(C)(i). The statutory terms of imprisonment required for Count Two and Count Three were required to be imposed consecutively. U.S.S.G. § 5G1.2(a). Merica received a two-level enhancement, pursuant to U.S.S.G. § 3B1.1(c), for his organizational and leadership role in the criminal activity, and a two-level enhancement, pursuant to U.S.S.G. § 3C1.1, for the obstruction that resulted from the underlying offenses. Accordingly, the court exercised its discretion under the guidelines and sentenced Merica to 235 months as to Count One, 84 months mandatory consecutive sentence as to Count Two, and 300 month mandatory consecutive sentence as to Count Three. This sentence was well below the maximum terms of life imprisonment

-16-

specified by statute as to each Count; clearly, the court did not exceed its proper authority. See United States v. Green, 163 Fed. App'x 221, 223 (4th Cir. 2006) (finding that United States v. Booker, 543 U.S. 220 (2005), held only that uncharged facts cannot be used to support a sentence exceeding the statutory maximum, not that a sentencing judge may not use uncharged facts to enhance the defendant's sentence within the statutory range; Booker obviously contemplates that sentencing judges can, consistent with the Sixth Amendment, rely on uncharged facts in determining an appropriate sentence within the statutory range); United States v. Evans, 416 F.3d 298 (4th Cir. 2005) (finding that to establish that a Sixth Amendment error occurred in sentencing, a defendant must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts that he admitted, or on facts proven to a jury beyond a reasonable doubt); United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated on other grounds by 543 U.S. 1097 (2005) (finding that Apprendi only applies when an imposed sentence exceeds the maximum authorized by the statute; Williams v. United States, No. 2:04cv129, 2006 WL 2993062, *13 (E.D. Va. Oct. 19, 2006), appeal dismissed by 218 Fed. App'x 223 (4th Cir. 2007) (finding that the trial court's application of enhancements for obstruction of justice and for being a criminal supervisor or organizer were not Apprendi or Blakely violations because petitioner's sentences on all counts were within the relevant statutory maximums); see also United States v. Jiminez, 498 F.3d 82 (1st Cir. 2007) (holding that an Apprendi error arises only if the defendant receives a sentence beyond the default statutory maximum for the offense of conviction); United States v. Diesel, 238 Fed. App'x 398 (10th Cir. 2007) (holding that district courts may make factual findings and enhance sentences within the statutory range prescribed for the conduct found by the jury); United States v. Vaughn, 430 F.3d 518 (2d Cir. 2005) (finding that elements of an offense must be tried to a jury, but facts relevant to sentencing may be found by a judge, within the constraints of the Sixth

-17-

Amendment).   Accordingly, counsel was not ineffective for failing to raise this argument at sentencing and this claim must be dismissed.  See Clanton, 826 F.2d at 1359.

## III. Conclusion

Merica's claims that his attorney rendered ineffective assistance of counsel fail to satisfy the requirements of Strickland, 466 U.S. at 687.  For the foregoing reasons, the court will grant respondent's motion to dismiss.  An appropriate Order will be entered this day.

**ENTER**: This _21st_ day of December, 2007.

United States District Judge